IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE CARROLL, | § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:22-cv-1604-B-BN |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

After Plaintiff Charlotte Carroll filed an amended *pro se* petition in a Dallas County justice court alleging that Defendant Portfolio Recovery Associates, LLC (PRA) violated several federal statutes, PRA removed the state suit to federal court. *See* Dkt. No. 1. And United States District Judge Jane J. Boyle referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 3.

PRA then answered the amended complaint. *See* Dkt. No. 4.

While requiring the parties to meet and confer to present a proposed pretrial schedule, *see* Dkt. Nos. 7-9, Carroll submitted a response to a show cause order and attached to that response a motion to remand (dated August 20, 2022), *see* Dkt. No. 11. The Court directed the Clerk of Court to docket Dkt. No. 11-1 as Carroll's motion to remand. *See* Dkt. Nos. 12, 13. PRA responded to the motion. *See* Dkt. No. 14. Carroll did not reply, and the deadline to do so has passed. *See* Dkt. No. 12.

The undersigned now enters these findings of fact, conclusions of law, and

recommendation that the Court should deny the motion to remand.

## Applicable Background

Carroll moves to remand under "28 U.S.C. § 1447 on the grounds that the Defendant['s] attorney violated the Rules of Ethics and Abuse of Process" by "deceiv[ing]" the state court to "gain[] the ability to remove this cause under false pretenses and deception" and further claims that she "is disputing subject matter jurisdiction due to these facts." Dkt. No. 13 at 3; *see id.* at 7 (asserting that PRA only gained the ability to remove this action under 28 U.S.C. § 1446(b)(3) by deceiving the state court and manipulating that proceeding to require Carroll to amend her claims).

Carroll is correct that, because she initiated her lawsuit in state court in September 2021, the timeliness of PRA's removal (on July 22, 2022) seems to depend on Section 1446(b)(3), which, as applicable where, like here, the basis of jurisdiction turns on a federal question, provides: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see also Strikes for Kids v. Nat'l Football League*, No. 3:17-cv-18-B, 2017 WL 2265534, at *3 (N.D. Tex. May 24, 2017) ("[F]or removal based on 'other paper' to be proper and consistent with the well-pleaded complaint rule, the 'other paper' cannot be used to interject a new federal claim, but instead must be used to clarify that the plaintiff's existing claims are federal in nature." (citing *Eggert v. Britton*, 223 F. App'x 394, 397-98 (5th Cir. 2007) (per curiam))).

The amended pleading here is Plaintiff['s] Amended Petition [Dkt. No. 1-3 at 142-45], filed in the state court on July 19, 2022, in which Carroll alleges that PRA violated specific provisions of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Equal Credit Opportunity Act.

As the state court record reflects, Carroll's initial state petition merely alleged that PRA "falsely reported on [Carroll's] credit report negatively for several years, even after given proof of ID theft many times, causing [her] financial damage." Dkt. No. 1-3 at 10. The state court granted PRA's special exceptions on February 22, 2022, ordering Carroll to file an amended petition within 14 days. *See id.* at 29. But she did not file an amended petition as ordered and instead filed Plaintiff['s] First Motion to Amend Petition, asserting that "PRA violated the Fair Debt Collection Practices Act and Fair Credit Billing and Reporting Acts." *Id.* at 31-33.

PRA moved to dismiss the state lawsuit for Carroll's failure to follow the state court order. *See id.* at 36-41. The state court heard the motion on June 22, 2022. *See id.* at 86-88. And, according to Carroll, the court gave her 20 more days to "redo her Amended Petition." Dkt. No. 13 at 8. Plaintiff['s] Amended Petition followed.

## Discussion

As it must, the Court starts with Carroll's argument that there is no federal jurisdiction. *Cf. Sigler v. Caliber Home Loans, Inc.*, No. SA-16-CV-717-XR, 2017 WL 74756, at *3 (W.D. Tex. Jan. 5, 2017) ("The fact that removal is contrary to the technical requirements of [28 U.S.C.] § 1441(a) or § 1446(b) has no effect on subject matter jurisdiction" because "Congress recognized cases would be removed in

contravention of the removal statutes but imposed a thirty-day period in [28 U.S.C.] f§ 1447(c) for seeking remand on non-jurisdictional grounds." (cleaned up; quoting *Green Tree Fin. Corp. v. Arndt*, 72 F. Supp. 2d 1278, 1284 (D. Kan. 1999))).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. And a defendant may remove an action filed in state court to federal court only if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). So, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

"To determine whether the claim arises under federal law," a district court must "examine the 'well pleaded' allegations of the complaint." *Id.* That is, jurisdiction under Section 1331 only "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise*

*Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

To support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). And those allegations must be present in a pleading at the time of removal. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." (citation omitted)); *see also Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) (per curiam) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal." (citation omitted)).

The undersigned finds that PRA identified a basis for jurisdiction under Section 1331 at the time of removal where Plaintiff['s] Amended Petition provides that PRA "refused to remove an item from the Plaintiff['s] credit reports that was not the Plaintiff['s] debt"; that "[o]n several occasions the Plaintiff provided the Defendant proof that the debt [being] negatively reporting on the Plaintiff['s] credit was from the result of Identity Theft[,] but the Defendant continually refused to remove the account and demanded payment for several years"; and that "the principal remedies for the continued reporting and/or collection will arise largely under Federal statutes." Dkt. No. 1-3 at 142-44 (citing 15 U.S.C. §§ 1681i, 1681s-2(b), 1692e(8), 1692f(1), 1691; 12 C.F.R. 202.6).

And, if Carroll also moves to remand because PRA's removal violates a

statutory requirement, *see* 28 U.S.C. §§ 1441, 1446, she waived that right by not moving to remand within 30 days of July 22, 2022, *see* 28 U.S.C. § 1447(c); *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) ("[A] motion for remand based on procedural defects" filed "more than 30 days after the removal of the action" is "outside of the district court's power to grant." (citation omitted)).

That is because, while Carroll may have intended to file a motion to remand on August 20, 2022, *see* Dkt. No. 11 at 1-2 ("On the evening of August 20, 2022, the Plaintiff attempted to file her Motion for Remand and found that the e-file portal didn't list this Cause number, so the Plaintiff had to email the Motion to an email received from this Court to timestamp her filing."), the motion to remand was not electronically filed until September 23, 2022, *see generally id.*

Federal Rule of Civil Procedure 5(d) "authorizes two filing methods: electronic, pursuant to Rule 5(d)(3); and nonelectronic, pursuant to Rule 5(d)(2)," so "[i]t goes without saying that courts are not authorized to create other methods of filing." *Allen v. Hays*, 812 F. App'x 185, 192 (5th Cir. 2020) (per curiam) (citations omitted). Consequently, the Court should not find that Carroll filed a timely motion to remand by "timestamp[ing]" it on August 20.

But, even if the Court were to consider an argument that PRA's removal contravened Section 1446(b)(3) and was therefore untimely, that argument fails to persuade. First, insofar as Carroll argues that her March 2022 motion to amend referencing unspecified violations of the named federal statutes, which the state court did not grant, started the 30-day removal clock, filing a motion for leave to amend is

itself not enough.

The United States Court of Appeals for the Fifth Circuit has not addressed this issue precisely, but,

> [b]ased on the language of § 1446, the better reasoned opinions [hold] that it is the granting of a motion for leave to amend that starts the removal clock, particularly in a federal question case. Prior to the granting of a motion for leave to amend to newly assert a federal question, such as the case herein, there is no federal question asserted in the state court proceedings that renders the case removable.

*Safranek v. USAA Cas. Ins. Co.*, 525 F. Supp. 3d 707, 719 (M.D. La. 2021) (footnotes omitted); *accord Nieto v. Lantana Cmty. Ass'n, Inc.*, No. 4:19-CV-00239, 2019 WL 3502794, at *6 (E.D. Tex. Aug. 1, 2019) (collecting cases); *Jackson v. Bluecross & Blueshield of Ga., Inc.*, No. 4:08-CV-49 (CDL), 2008 WL 4862686, at *2-*3 (M.D. Ga. Nov. 10, 2008) (collecting cases for this "majority position").

So the amended petition filed on July 19, 2022 is the first pleading in which Carroll provided "factual allegations showing how [a] federal law applies to" her claims. *Polk v. Castillo*, No. 3:22-cv-1814-S-BN, 2022 WL 5213356, at *2 (N.D. Tex. Aug. 31, 2022) ("[A] complaint that simply points to a federal law does not provide for subject matter jurisdiction under Section 1331 where the complaint lacks factual allegations showing how the federal law applies to a plaintiff's claim." (citations omitted)), *rec. accepted*, 2022 WL 5213083 (N.D. Tex. Oct. 5, 2022).

And, although the Court must accept a removed case "in its current posture 'as though everything done in state court had in fact been done in the federal court,'" *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988) (quoting *Savell v. S. Ry.*, 93 F.2d 377, 379 (5th Cir. 1937)), Carroll may still request leave to amend

the complaint consistent with Federal Rule of Civil Procedure 15, *cf. Caro v. City of Dall.*, No. 3:15-cv-1210-L, 2016 WL 397084, at *9 (N.D. Tex. Feb. 1, 2016) ("Unlike Rule 15 of the Federal Rules of Civil Procedure, which restricts a party's right to amend, Rule 63 of the Texas Rules of Civil Procedure liberally allows a party to amend her pleadings as late as seven days before trial." (citation omitted)).

And the Court may

> then revisit whether remand is appropriate pursuant to 28 U.S.C. [§ 1367]. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (finding that when "the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court has a powerful reason to choose not to continue to exercise jurisdiction."); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir .1992) (finding that a "district court has discretion to remand pendent state law claims after the plaintiff has dropped the federal cause of action on which removal was originally based."); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 n.2 (5th Cir. 1985) (explaining that "[a]lthough the voluntary dropping of all federal claims by a plaintiff in a removed case does not oust federal jurisdiction, the federal court may still exercise its discretion to not retain pendent jurisdiction over the remaining state claims.").

*Franks v. East*, No. 1:07-CV108-SA-JAD, 2008 WL 4057078, at *3 (N.D. Miss. Aug. 26, 2008); *see also Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161-62 (5th Cir. 2011) ("A district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated. Thus, we are right to hesitate in rejecting the district court's exercise of its discretionary authority, as the general rule of remanding state law claims to state court after all federal claims have been eliminated is 'neither mandatory nor absolute.' But such discretion is founded upon and guided by a court's consideration of the prescribed statutory and common law factors. Our deference cannot stretch so far as to find no abuse of

discretion where, as is the case here, all federal claims were deleted at the infancy of the case and the balance of the statutory and common law factors weighs heavily in favor of remand." (citations omitted)).

## Recommendation

The Court should deny Plaintiff Charlotte Carroll's motion to remand [Dkt. No. 13].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 24, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE