IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE CARROLL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1604-B-BN |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Charlotte Carroll filed an amended *pro se* petition in a Dallas County justice court alleging that Defendant Portfolio Recovery Associates, LLC (PRA) violated several federal statutes, and PRA removed the lawsuit to federal court. *See* Dkt. No. 1.

United States District Judge Jane J. Boyle referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 3.

PRA answered the amended complaint. *See* Dkt. No. 4. The Court denied Carroll's motion to remand. *See* Dkt. Nos. 15, 16. And, on March 27, 2023, the Court entered the Initial Scheduling Order [Dkt. No. 17] under the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas and Federal Rule of Civil Procedure 16(b).

The Initial Scheduling Order set April 11, 2023 as the deadline to join parties and amend pleadings. *See* Dkt. No. 17, ¶¶ 2, 3. Neither side filed a motion for leave

to amend pleadings by that deadline. But, on August 30, 2023 – more than four months past that deadline – Carroll moved for leave to amend pleadings (presumably her complaint), arguing that she meets the standards imposed under Federal Rule of Civil Procedure 15(a)(2). *See* Dkt. No. 18.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Carroll's motion for leave to amend.

## Legal Standards

"District courts must have the power to control their dockets by holding litigants to a schedule." *Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019) (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997)). As such, they may "refus[e] to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co.*, 110 F.3d at 258 (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992)). The Federal Rules of Civil Procedure allow for this by providing "that a pretrial schedule may be modified 'only for good cause.'" *Shepherd*, 920 F.3d at 287 (quoting FED. R. CIV. P. 16(b)(4)).

To meet this standard, parties must show that, despite their diligence, they could not reasonably have met the deadline in the scheduling order. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (internal quotation marks omitted)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d

1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)). *Cf. Puig v. Citibank, N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline.").

In exercising its authority to determine whether to modify a scheduling order for good cause under Federal Rule of Civil Procedure 16(b)(4), the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co.*, 110 F.3d at 257 (quoting, in turn, *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990))).

While "[t]he court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side,'" *Harrison v. Wells Fargo Bank*, No. 3:13-cv-4682-D, 2016 WL 3612124, at *2 (N.D. Tex. July 6, 2016) (quoting *EEOC v. Serv. Temps, Inc.*, No. 3:08-cv-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009)), "[t]he absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause,'" *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted).

## Analysis

Now, more than four months after the deadline to seek leave to amend set by the Rule 16(b) scheduling order, and "[c]onsidering the good cause standard holistically," *Warner v. Lear Corp.*, No. 3:15-cv-1878-D, 2017 WL 930829, at *3 (N.D. Tex. Mar. 9, 2017), Carroll has not shown that the Court should allow her leave to amend.

First, Carroll's proposed amendment [Dkt. No. 18-1] contains few, if any, nonconclusory factual allegations and therefore fails to reveal that any new claim that she seeks to advance has merit. *See Filgueira v. U.S. Nat'l Ass'n*, 734 F.3d 420, 423-24 (5th Cir. 2013) (per curiam) ("With regard to the third and fourth factors, the district court found that allowing an amendment would unduly prejudice the Defendants by 'allowing Filgueira to "lay behind the log" and then raise wholly new causes of action after the deadline for amending pleadings had passed.' We agree. Filgueira's attempt to bring a host of meritless claims by way of amendment would cause the Defendants great expense and extend the litigation needlessly. Furthermore, a continuance would not avoid the inevitable prejudice to the Defendants should Filgueira be allowed to amend.").

Next, while Carroll argues that PRA "will not suffer undue prejudice" because, she claims, PRA "is already privy to the case law cited in previous Discovery filings"; her "proposed amended pleading does not [add] new defendants"; and PRA "fully expects to defend this matter in this court or another and has … received this information via Discovery in previous filings," Dkt. No. 18 at 3, Carroll fails to show

that these conclusory assertions are supported by the record, *cf. Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-cv-2085-BN, 2017 WL 6406619, at *5-*6 (N.D. Tex. Dec. 15, 2017) (in concluding that the plaintiff failed to show good cause under Rule 16(b)(4) to amend her complaint to plead a new, distinct claim late in the game, finding first that "[t]he record does not support a finding that [the defendant] was on notice of this distinct claim or knew that it should seek whatever discovery it believes that it needs to defend it, and [the plaintiff's] assertions to the contrary do not change that").

Finally, while Carroll provides that her "suffering from cataracts in both eyes" caused her to be "unable to respond by" April 11, 2023, as she "has only recently gone through the necessary surgeries," Dkt. No. 18 at 2, these conclusory allegations fail to show that Carroll could not have met the April 11 deadline even though she acted with diligence.

And the applicable good cause standard can only be met by showing diligence. *See S&W Enters.*, 315 F.3d at 535; *Squyres*, 782 F.3d at 237; *Sosa*, 133 F.3d at 1418; *Puig*, 514 F. App'x at 488. *Cf.* Dkt. No. 17 (Initial Scheduling Order), ¶ 1 ("As a *pro se* litigant, the Court may hold Carroll's filings to a less stringent standard than papers drafted and filed by an attorney. But this is Carroll's lawsuit, so Carroll must ultimately prove an entitlement to relief.").

**Recommendation**

The Court should deny Plaintiff Charlotte Carroll's motion for leave to amend pleadings [Dkt. No. 17].

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 5, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE